IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, # 116274-A, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:12cv772-TMH |
| | ) (WO) |
| TONY PATTERSON, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner's application for leave to proceed *in forma pauperis* (Doc. No. 2), is hereby GRANTED.

Jackie McLeod ("McLeod"), an Alabama inmate proceeding *pro se*, styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  In his petition (Doc. No. 1), McLeod challenges convictions for four counts of cocaine distribution, and the resulting life sentences, entered against him in May 1989 by the Circuit Court for Houston County.  Upon review of McLeod's petition, the court once again concludes that he is not entitled to relief in this court.

---

[1] Although McLeod's petition is date-stamped as "received" on September 6, 2012, he signed the petition on August 27, 2012. Under the prison mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [McLeod] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## I. DISCUSSION

McLeod claims that the state trial court lacked jurisdiction to try him on the charges that resulted in his convictions in May 1989 for four counts of cocaine distribution. By his petition, McLeod attacks the constitutionality of his state convictions and sentences, and he is in custody pursuant to the judgment of an Alabama court. Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed pursuant to 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. Accordingly, this court must apply the procedural restrictions contained in 28 U.S.C. § 2254 to McLeod's petition.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

The court's records indicate McLeod has filed at least three previous habeas petitions

pursuant to the provisions of 28 U.S.C. § 2254 challenging the same convictions and sentences he challenges in his present petition. In the first of those previous habeas actions, this court determined that McLeod's § 2254 petition was due to be denied because McLeod procedurally defaulted on each of his claims for relief and failed to show cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. *See McLeod v. Sutton*, Civil Action No. 1:95cv1181-WHA, Doc. Nos. 31 & 33. In the second of McLeod's previous habeas actions, this court determined that a petition McLeod had styled as an application for relief under 28 U.S.C. § 2241 was properly construed as a successive habeas petition seeking relief under the provisions of 28 U.S.C. § 2254. Because McLeod had failed to obtain precertification from the Eleventh Circuit authorizing this court to consider a successive § 2254 petition for habeas relief, this court determined it lacked jurisdiction to consider McLeod's petition and summarily dismissed the action. *See McLeod v. Culliver*, Civil Action No. 1:09cv634-ID, Doc. Nos. 20, 23 & 24. In the third of McLeod's previous habeas actions, this court determined that McLeod's pleading ostensibly seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, 28 U.S.C. § 2241, was properly construed as a successive habeas petition seeking relief under the provisions of 28 U.S.C. § 2254. Because McLeod had again failed to obtain precertification from the Eleventh Circuit, that petition suffered the same fate as McLeod's second habeas petition, and was summarily dismissed. *See McLeod v. Patterson,* Civil Action No. 1:10cv1074-ID, Doc. Nos. 3-5.

It is clear from the instant pleadings that McLeod has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. Because this undertaking is a successive habeas corpus petition and because McLeod has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Gilreath*, 273 F.3d at 934.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The instant petition for habeas corpus relief filed by filed by McLeod be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as McLeod has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **October 18, 2012,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of October, 2012.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE